UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 8:24-cr-00564-KKM-TGW

DANIEL LIBURDI, JOSEPH
SCOTTO, GREGORY WALKER,
and FRANK CARBONE, III,

    Defendants.
_____/

## ORDER

Defendant Daniel Liburdi moves for a bill of particulars (Doc. 154), to compel production of all grand jury materials (Doc. 157), and to compel production of certain documents in their native format, which he says is required for compliance with Federal Rule of Criminal Procedure 16 (Doc. 167). The Court held a hearing on the motions. For the reasons stated at the hearing and herein, each motion is denied.

### I. Motion for a Bill of Particulars (Doc. 154)

Liburdi moves for a "bill of particulars" requiring the government to answer 18 questions (some with subparts) about the United States' evidence and prosecution theories. Doc. 154, pp. 2-4.

"The purpose of a bill of particulars is to inform the defendant of the charge

against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985).

The Defendant acknowledges that the indictment only requires the "essential facts constituting the offense charged." Doc. 154, p. 5 (quoting FED. R. CRIM. P. 7(c)(1)). That is, it does not require a detailed recitation of all the government's evidence or theories.

The Defendant nevertheless argues that the Indictment has defects that must be cured by a bill of particulars. But, as in *Cole*, where the Eleventh Circuit affirmed the denial of a bill of particulars, the "indictment in this case track[s] the language of the statutes involved and adequately inform[s] [Defendants] of the charges pending against them." *See Cole*, 755 F.2d at 760. It provides the essential facts supporting the charged offenses, as Rule 7 requires. Indeed, at the hearing, the Defendant argued that the Indictment contained too much information, that it was a speaking indictment, and that the inclusion of so many facts was prejudicial to the Defendant. In any event, it seems clear the Indictment contains at least the information necessary to apprise the Defendant of his charges and allow him to prepare his defense.

Even if the Indictment were sparse, however, the Defendant "concedes he is not entitled to a Bill of Particulars when 'the information sought has

2

already been provided by other sources such as . . . discovery.'" Doc. 154, p. 6 (quoting *United States v. Davis*, 854, F.3d 1276, 1293 (11th Cir. 2017)). The Defendant has acknowledged in his motions and at the hearing that he has received voluminous discovery from the United States; he does not assert that the requested information could not be found by reviewing that discovery.

The questions the Defendant poses for its proposed bill of particulars appear less like inquiries designed to discern the essential facts required by Rule 7 and more like interrogatories designed to seek additional discovery or obviate the need for the defendant to review certain portions of it. "Generalized discovery, however, is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). Rather, "[t]o allow the bill of particulars to serve as a wholesale discovery device would actually frustrate the federal discovery rule." *Id.* at 1442 (citing FED. R. CRIM. P. 16(b)(2)).

Additionally, as the Court noted and as the Defendant conceded at the hearing, some of the information the Defendant claims must be provided in a bill of particulars (like the monetary loss and the basis for the forfeiture assertions) is not information that the government has withheld but is information supporting a theory with which the Defendant disagrees. This may be the basis for a motion pursuant to Rule 29, but it is not the basis for a bill of particulars.

3

At the hearing on the motion, Liburdi did not argue for each piece of information sought in his motion, but asserted that his primary concern with the Indictment was that it was unclear whether he was charged with one conspiracy or two: whether he was charged with conspiring to commit bank fraud, conspiring to commit wire fraud, or both. However, consistent with the face of the indictment, the United States confirmed at the hearing that, while a means of the bank fraud may have involved deceiving customers, Liburdi is charged with bank fraud. *See* Doc. 1. The Defendant did not suggest any additional elaboration was required.

In sum, the information Defendant Liburdi requests in a bill of particulars is either: (1) already in the indictment, (2) not information required to "inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution," or (3) already known to the Defendant. For these reasons, and for the reasons stated at the hearing, the motion for a bill of particulars (Doc. 154) is denied.

## II. Motion to Compel Grand Jury Materials (Doc. 157)

The Defendant moves to compel the United States to disclose all grand jury materials associated with this case. Doc. 157.

There is a "long-established policy that grand jury proceedings in federal courts should be kept secret," because "the proper functioning of our

4

grand jury system depends upon the secrecy of grand jury proceedings." *Pitch v. United States*, 953 F.3d 1226, 1232 (11th Cir. 2020) (quoting *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 219 (1979)). Indeed, Federal Rule of Criminal Procedure 6(e)(2) prohibits an attorney for the government from disclosing a matter occurring before the grand jury unless provided by the Rules. FED. R. CRIM. P. 6(e)(2)(B)(vi). Rule 6(e)(3) provides the exceptions to the secrecy requirement.

"Rule 6(e) provides an exhaustive list of detailed circumstances in which a district court may authorize disclosure" and its "exceptions . . . limit the district court's authority to disclose the records of a grand jury's proceedings." *Pitch*, 953 F.3d at 1234. "The rule thus leaves no room for district courts to fashion new exceptions beyond those listed in Rule 6(e)." *Id.*; *see also McKeever v. Barr*, 920 F.3d 842, 845-847 (D.C. Cir. 2019) (holding that "Rules 6(e)(2) and (3) together explicitly require secrecy" except in Rule 6(e)(3)'s exceptions, and that courts must "hew strictly to the list of exceptions to grand jury secrecy" which "must be narrowly construed.") (quotations omitted).

The Defendant states Rule 6(e)(3)(E)(ii) requires disclosure of all grand jury materials in this case. Doc. 157, p. 2. The Rule provides:

> **(E)** The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter:
>
>    . . .

5

> **(ii)** at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.

To demonstrate he is entitled to disclosure of grand jury materials, "the party seeking disclosure of grand jury material must show a compelling and particularized need for disclosure." *United States v. Aisenberg*, 358 F.3d 1327, 1348 (11th Cir. 2004). A particularized need may be shown by demonstrating that "circumstances had created certain difficulties peculiar to [the] case, which could be alleviated by access to *specific* grand jury materials, without doing disproportionate harm to the salutary purpose of secrecy embodied in the grand jury process." *Id.* at 1348-49 (quotation omitted). The burden to demonstrate that the need for disclosure "rests upon the private party seeking disclosure." *Id.* at 1348. In evaluating the movant's motion, "the district court has 'substantial discretion' in determining whether grand jury materials should be released." *Id.* at 1349 (quoting *Douglas Oil Co.*, 441 U.S. at 219).

Defendant Liburdi moves the Court to compel the United States to produce "transcripts, any audio recordings, instructions of the law given, and all materials submitted to the Grand Jury in this matter." Doc. 157, p. 1. But, as the Eleventh Circuit has explained, "a blanket request for all grand jury materials cannot be described as the kind of particularized request required for the production of otherwise secret information." *Beiter v. United States*,

6

2023 WL 1980773, at *2 (11th Cir. Feb. 14, 2023) (per curiam), *cert. denied*, 143 S. Ct. 2677 (2023), *reh'g denied*, 144 S. Ct. 51 (2023).

Perhaps in recognition of this, defense counsel asks, alternatively, for disclosure of just the instructions the prosecutor gave to the grand jury. However, the Defendant's attempts to demonstrate a particularized and compelling need for even this narrower request fall short.

First, defense counsel "suggests" that, "based on experience . . . it is quite likely that the Grand Jury was not properly instructed on the applicable law." Doc. 157, p. 2. At the hearing, he elaborated that "I can't prove it. I sense it." But, "unsubstantiated allegations of grand jury manipulation do not satisfy the 'particularized need' standard." *Cole*, 755 F.2d at 759.

The Defendant also argues that the grand jury cannot have been properly instructed because one of the individuals the government alleges sold his personal identifying information to the Defendants was only interviewed after the indictment was returned. Doc. 157, p. 2. But, because the United States may present all types of evidence to the grand jury—including circumstantial and hearsay evidence—and because the United States is not required to present or even interview coconspirators prior to indictment, it is unclear why this fact would demonstrate inappropriate instruction to the Grand Jury.

Finally, the Defendant asserts that "[b]ecause this is a complex and unique case (perhaps the first case of this nature and magnitude in the Middle District of Florida); the novelty of this case" indicates that "the instructions given to the Grand Jury, and any and all comments the prosecutor might have made to the Grand Jury, may have been incorrect, misleading or unduly prejudicial." Doc. 157, p. 5. When pressed on this inferential leap, however, the Defendant explained that he believed the facts of the case failed to demonstrate that the Defendant caused any loss to a financial institution and thus any Grand Jury properly instructed on the elements of bank fraud would have refused to return a true bill. But just because the Defendant believes the facts fail to satisfy the elements of the offense does not mean that a grand jury could not have believed the elements were satisfied. Indeed, if any elemental defense were sufficient to pierce grand jury secrecy, the secrecy would rarely endure. But in any event, the Defendant's argument—that the United States must have hidden from the grand jury the fact that bank fraud requires an attempt to cause loss to a financial institution—is defeated by the language of the Indictment itself. The face of the Indictment—submitted to the grand jury and signed by the foreperson—recites within each charge the requirements of the offenses, including the requirement that bank fraud involve an attempt "to obtain moneys, funds, credits, assets, and other property owned by, and under the custody and control of one or more financial institutions." *See, e.g.,* Doc. 1,

pp. 10-11; 18 U.S.C. § 1344(2) (same language). Thus, the assertion that the United States likely withheld this requirement from the grand jury is not only unsupported, but directly contradicted by a document presented to and approved by the grand jury.

Ultimately, the Defendant's arguments fall far short of the particularized showing required to overcome the "long-established policy that grand jury proceedings in federal courts should be kept secret." *Pitch*, 953 F.3d at 1232. For these reasons, and those stated in the hearing, the motion to compel disclosure of grand jury materials (Doc. 157) is denied.

### III.   Motion to Compel Compliance with Fed. R. Crim. P. 16 (Doc. 167)

Finally, the Defendant moves to compel the United States to reproduce all of its electronic discovery in its native format, or in a load file compatible with the Defendant's data-mining platform. Doc. 167. The Defendant argues that, because the United States did not produce electronic data in an "industry standard format with a proper and usable 'load' file," (*id.*, p. 2) the United States violated Rule 16 of the Federal Rules of Criminal Procedure and the Court's pretrial discovery order (Doc. 59).

Rule 16 of the Federal Rules of Criminal Procedure directs the United States to disclose to the Defendant, upon request, certain materials relevant to the case against him. However, "Rule 16(a) only applies to materials within

9

the 'possession, custody, or control of the government.'" *United States v. Jordan*, 316 F.3d 1215, 1249 (11th Cir. 2003); *see also United States v. Kivett*, 262 F. App'x 967, 971–72 (11th Cir. 2008) (unpublished) ("It is well-settled, however, there is no Rule 16 violation occurs where the requested materials are not in the government's possession, custody, or control.") (citing *United States v. Brazel,* 102 F.3d 1120, 1150 (11th Cir. 1997) and *United States v. Cannington,* 729 F.2d 702, 712 (11th Cir. 1984)).

Consistent with Rule 16, the Court's pretrial discovery order requires the United States to produce to the Defendant "information and documents or supply copies thereof, which are *within the possession, custody, or control of the Government."* Doc. 59, p. 1 (emphases added). It goes on to direct the United States to produce electronic discovery "in a form in which it is ordinarily maintained unless the form is not readily usable, in which case the government is directed to produce it in a readily usable form." *Id.*, p. 4.

At the hearing, the Defendant argued that the United States violated Rule 16 and the Court's discovery order by not producing certain electronic data in an industry-standard format. The Defendant explained that the data about which it was concerned was the data produced in response to a search warrant the United States issued to Microsoft. However, the prosecutor confirmed at the hearing that he had produced the records in the format in which Microsoft provided them to the United States. The prosecutor

10

emphasized that the United States was hampered by the same review challenges of which the Defendant complained.

The Defendant did not dispute that the United States had produced the data in exactly the format in which Microsoft had produced it. But the Defendant argued that the United States' search warrant should have commanded Microsoft to produce it in a better, industry-standard format. He cites no authority, in Rule 41 or elsewhere, requiring the United States to impose such a requirement in search warrants for electronic data.

First, the Court notes that Rule 16 does not require the United States to produce copies of its materials to the Defendant at all. "An examination of the express language contained in Rule 16 necessarily directs the conclusion that the rule does not require the government to copy or otherwise expend government funds in order to supply criminal defendants with their requested material. Rule 16 gives the defendants access to the documents so that they may copy the documents should they desire to do so." *United States v. Freedman*, 688 F.2d 1364, 1366 (11th Cir. 1982) (finding the trial court abused its discretion in demanding the government provide non-indigent defendants with 3 copies of voluminous discovery, "when Rule 16 does not expressly obligate the government to make even one copy of the documents" and thus imposed a considerable burden on the government). The Rule only requires

that the United States make materials available for inspection and copying by the defense, which the United States offered to do at the hearing.

Next, no party asserts that the United States has the data in the format the Defendant desires. Thus, the Defendant seeks to compel the United States to produce material outside the United States' possession, custody, and control. Neither Rule 16 nor the Court's pretrial discovery order impose such a burden on the United States.

Because the United States produced to the Defendant the requested material in the format in which the United States received it, the Defendant's motion to compel the government to produce the discovery in a different format is denied.

**IV.    Conclusion**

For the reasons stated above and at the December 11, 2025 motions hearing:

1. Defendant's Motion for a Bill of Particulars (Doc. 154) is DENIED;

2. Defendant's Motion to Compel Grand Jury Materials (Doc. 157) is DENIED;

3. Defendant's Motion to Compel Compliance with FED. R. CRIM. P. 16 (Doc. 167) is DENIED.

DONE on December 15, 2025.

*[signature: Natalie Hirt Adams]*
NATALIE HIRT ADAMS
United States Magistrate Judge

FOR THOMAS G. WILSON
United States Magistrate Judge